# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HOWARD E. MARTIN, III,
Plaintiff

Case No. 1:10-cv-680
Weber, J.
Wehrman, M.J.

vs

SCRIPPS HOWARD, et al.,
Defendants

**ORDER**

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se action under 42 U.S.C. §§ 1983 and 1985 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, a former employee at WCPO TV in Cincinnati, Ohio, brings this action against the Scripps Howard Corp., Local 44 Union President Daniel Tackett, WCPO News Operation

Supervisor Michael E. Pretot, WCPO Vice President William Fee, and WCPO Director of Engineering Joseph Martinelli. Plaintiff's complaint is captioned "Civil Rights Complaint (42 U.S.C. § 1983, § 1985)." The complaint alleges that "[o]n several occasion[s] Mr. Martin III has reported injustices that occurred during his time at WCPO TV to management with no resolve to correct these issues of great concern." (Complaint at 2). Plaintiff alleges the following causes of action: (1) discrimination: "Whenever Plaintiff would go to Management to report issues that needed to be address (sic) in order to avoid the creation of a hostile work environment, management work (sic) completely disregard the plaintiff's complaint;" (2) unequal compensation: "According Local 44 Union Contract. (sic) The plaintiff was entitled to be paid at the Group 1A pay rate;" (3) sexual harassment: "WCPO Management did not take action when the plaintiff attempted to report being touched inappropriately by a co-worker." (Complaint at 2-3). Plaintiff appears to allege these causes of action arise under 42 U.S.C. § 1981. Plaintiff alleges he is unable to find work and to pay his bills. Plaintiff also states he filed a lawsuit dealing with the same facts involved in this action in the Hamilton County, Ohio Court of Common Pleas but the judge "dismissed it stating he did not understand it." (Complaint at 4). As relief, plaintiff seeks $3,000,000.00 in damages and injunctive relief.

As an initial matter, the Court is unable to discern any federal claim from the sparse facts alleged by plaintiff in his complaint. The complaint provides no factual content or context from which the Court may reasonably infer that the defendant somehow violated plaintiff's rights. Plaintiff's conclusory allegations of discrimination, unequal compensation, and sexual harassment are insufficient to give the defendants fair notice of plaintiff's claims against them. Plaintiff's complaint provides no "more than an unadorned, the-defendant-unlawfully-harmed-

3

me accusation." *Iqbal*, 129 S.Ct. at 1949. Because plaintiff's complaint against the defendants is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly,* 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted and must be dismissed.

In any event, plaintiff's complaint fails to state a claim for relief under 42 U.S.C. §§ 1983, 1985, and 1981, the statutory provisions cited by plaintiff in his complaint.

In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's complaint fails to allege facts showing the defendants, who are private citizens or private entities, acted under color of state law.

A private entity or private individual acting on his own cannot deprive a citizen of his constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Although plaintiff generally alleges the defendants acted "under the authority or color of state law" (Complaint at 2), the Section 1983 claims against the defendants must nevertheless be dismissed because plaintiff alleges no facts whatsoever showing the actions of these private defendants "so

4

approximate state action that they may be fairly attributed to the State." *Lansing,* 202 F.3d at 828 (citation omitted).

To satisfy the "color of state law" prong of Section 1983, plaintiff must allege facts showing that defendants were either 1) acting under the compulsion of the state (state compulsion test)[1]; 2) engaged in an activity traditionally reserved to the state (public function test); or 3) its activities were sufficiently close and/or controlled by the state that its actions could fairly be attributed to it (nexus test). *See Chapman v. Higbee Co.,* 319 F.3d 825, 833 (6th Cir. 2003); *see also Wittstock v. Mark A. Van Sile, Inc.,* 330 F.3d 899, 902 (6th Cir. 2003). Plaintiff's complaint fails to allege facts meeting any of the three tests.

Plaintiff has alleged no facts showing that state law or a state entity significantly encouraged or coerced the defendants' actions such that the defendants may be deemed state actors under the state compulsion test. *See Campbell v. PMI Food Equipment Group, Inc.,* 509 F.3d 776, 784 (6th Cir. 2007) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) (finding no state action even though the state provided a significant portion of the funding of a private corporation, because the state did not appoint board members, select personnel, or make decisions for the organization)). Plaintiff has not alleged facts showing the defendants' activities were ones traditionally reserved to the state. *See, e.g., Flagg Bros. v. Brooks,* 436 U.S. 149, 157-58 (1978) (holding elections is public function); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352-53 (1974) (eminent domain is public function); *Marsh v. Alabama,* 326 U.S. 501, 505-09 (1946) (company-owned town is public function). Nor has plaintiff alleged facts showing the

---

[1]"The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Lansing v. City of Memphis,* 202 F.3d 821, 829 (6th Cir. 2000) (citation omitted).

state had a sufficiently close relationship to the defendants as to be a joint participant and/or interdependent with these defendants. *See Campbell,* 509 F.3d at 784 (no state action where government entities did nothing more than authorize and approve a contract that provided tax benefits to defendant). Finally, plaintiff has not alleged facts showing defendants either conspired or acted in concert with state officials. *Cf. Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). Plaintiff has failed to allege facts suggesting a sufficient intermingling of state involvement with defendants to support a finding of state action. Therefore, the named defendants cannot be deemed state actors and plaintiff's claims under 42 U.S.C. § 1983 against these defendants must be dismissed.

Plaintiff's complaint also fails to state a claim for relief under 42 U.S.C. §§ 1981 and 1985. "Section 1981 prohibits racial discrimination in the making and enforcing of private contracts." *Newman v. Federal Express Corp.,* 266 F.3d 401, 406 (6th Cir. 2001). Plaintiff has not alleged his race or that he was discriminated against on the basis of his race.

Section 1985(3) prohibits conspiracies for the purpose of depriving a person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws. *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971). To state a conspiracy claim under Section 1985, plaintiff must allege facts showing the alleged conspiracy was motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus." *Bartell v. Lohiser,* 215 F.3d 550, 559-60 (6th Cir. 2000) (quoting *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 829 (1983)). Again, plaintiff fails to allege his race or that he is a member of a protected class. Nor does he allege facts showing defendants' actions were motivated by racial or class-based discriminatory animus.

6

Finally, even if the Court were to liberally construe plaintiff's complaint as alleging a claim of job discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., plaintiff's complaint must nevertheless be dismissed for plaintiff's failure to exhaust his administrative remedies. "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she [or he] must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (other citations omitted). These requirements exist "so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 821 n.10 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Plaintiff has not alleged any facts showing he exhausted his administrative remedies and that he received a notice of right to sue from the EEOC before filing this action. Therefore, his Title VII claim must be dismissed.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for failure to state a claim for relief. The complaint is hereby **DISMISSED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 10/6/10

Herman J. Weber, Senior Judge
United States District Court